Reicheneker v. Henry.

---

## NELSON A. REICHENEKER v. SARAH A. HENRY.

AT the July Term, 1882, of the district court of Wyandotte county, *Henry* recovered a judgment against *Reicheneker*, brings it here for review.

*Stevens & Stevens*, for plaintiff in error.

*James M. Mason*, for defendant in error.

*Per Curiam:* This case has been to this court once before, and the decision is reported in 27 Kansas, 257. At that time a judgment in favor of plaintiff was reversed, on the ground of error in the ruling of the court in rejecting testimony offered by defendant. On the second trial the error was corrected and the testimony admitted, and a judgment was rendered in favor of plaintiff for the possession of a part of the lands claimed, and costs of suit. Of this judgment plaintiff complains, and insists that there was error in the ruling of the court. We think the propositions of law laid down at the former hearing of this case are correct, and should not be disturbed. While there was some testimony offered in this second trial tending to show the presence of stakes and monuments, yet we think the judgment should be affirmed, and for two reasons: First, there was a general finding in favor of the plaintiff for a portion of the land, and no finding as to the existence of stakes and monuments. And we are not satisfied that there was sufficient testimony as to such stakes and monuments to compel an ignoring of the manifest fact of the shortage in the whole tract partitioned, and the casting of the entire loss of this shortage on the defendant in error. Second, the allegations in the petition in error are hardly broad enough to compel an inquiry into the testimony as to the stakes and monuments.

We cannot see now, any more than when the case was here before, that the result reached involves any correction or setting aside of the original decree in partition. It simply applies the principles and facts of that decree to the amount of ground as now shown to exist. We think, therefore, the judgment should be affirmed so far as the petition in error is concerned.

We think also that so far as the errors alleged in the cross-petition in error are concerned, the same ruling must follow, on the authority of § 589 of the code. The plaintiff recovered judgment for part of the property claimed, and under

that section was entitled to his costs. We may remark that the whole case is so bunglingly prepared, the amendments not being properly incorporated into it, that we have had great difficulty in determining exactly what was, and what was not, done. We do not feel called upon to make any extraordinary effort to disentangle the confusion in which the record now appears. It is enough for us to say in conclusion, that upon the allegations in the petition in error we see nothing which places the present case outside of the ruling heretofore made, and we cannot say that the point made in the cross-petition in error is clearly sustained.

We think, therefore, that substantial justice is done by simply affirming the judgment of the district court; and it is so ordered.